PRYOR CASHMAN SHERMAN & FLYNN LLP
Attorneys for Respondent New York Hotel and Motel Trades Council, AFL-CIO
and the Hotel Trades Council and Hotel Association of New York City, Inc. Benefit Funds
410 Park Avenue
New York, NY 10022
(212) 421-4100

JOSEPH FARELLI (JF4759)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
WEST 63 EMPIRE ASSOCIATES, LLC,

           Petitioner,

  -against-

NEW YORK HOTEL & MOTEL TRADES
COUNCIL, AFL-CIO and HOTEL TRADES
COUNCIL AND HOTEL ASSOCIATION OF
NEW YORK CITY, INC. BENEFIT FUNDS,

           Respondents.
------------------------------X

JUDGE BRIEANT

NOTICE OF REMOVAL

Case No. 05-CV- 10117



RECEIVED DEC 0 1 2005 U.S.D.C. S.D.N.Y. CASHIERS

TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
      COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Respondent New York Hotel and Motel Trades Council, AFL-CIO ("Union" or "Respondent Union") and the Hotel Trades Council and Hotel Association of New York City, Inc. Benefit Funds ("Benefit Funds" or "Respondent Funds")(collectively "Respondents") by their attorneys, Pryor Cashman Sherman & Flynn, LLP, respectfully seek the removal of this civil action and show:

    1.   Petitioner WEST 63 EMPIRE ASSOCIATES, LLC (hereinafter referred to as the "Buyer" or "Petitioner") brought this action in the New York State Supreme Court, County of New York, by the filing of a Notice of Petition on November 2, 2005 accompanying a verified petition ("Petition") in which the Petitioner seeks to vacate a labor arbitration award. The Notice

of Petition and Petition with accompanying exhibits, copies of which are attached hereto as Exhibit A, were served on the Respondents on November 2, 2005.

2. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §185. Therefore, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

3. Respondents remove this action because Petitioner seeks to use the state courts as a vehicle to avoid its federal labor law obligations to comply with a labor arbitration award (the "Award") which ordered the Petitioner to pay severance pay to certain employees who lost their jobs as a result of the Petitioner closing the Empire Hotel located at 44 West 63rd Street, New York, New York ("Hotel"). The petition in this action is based upon procedural objections and substantive arbitrability arguments which Petitioner raised and argued unsuccessfully before the labor arbitrator.

## THE PARTIES

4. Petitioner is a corporation and an "employer" in an industry affecting commerce as respectively defined by Sections 2(2) and (6) of the LMRA, 29 U.S.C. §§152(2) and (6).

5. The Union is a "labor organization" as defined in Section 2(5) of the LMRA, 29 U.S.C. §152(5). The Union represents employees performing various trades in the New York City hotel and restaurant industry, an industry affecting "commerce" as defined in Section 2(6) of the LMRA, 29 U.S.C. §152(6). At all relevant times, the Union has represented employees employed at the Hotel in various defined job positions as their collective bargaining representative pursuant to the provisions of the LMRA. The Union represents those employees who were the subject of the arbitration and Award.

6. The Benefit Funds are "employee benefit plans" as defined in Section 3(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, § 1002(1), are "multiemployer plans" as defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and are organized pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), § 186(c)(5).

## THE LABOR AGREEMENTS

7. Petitioner entered into an agreement ("Agreement") with the Union and Empire Holdings LLC ("Seller") under which the Petitioner as "Buyer" agreed to assume certain of the Seller's contractual obligations under an existing collective bargaining agreement with the Union, known as the Industry Wide Agreement ("IWA"), as amended by a Memorandum of Agreement. These obligations assumed by Petitioner included, *inter alia,* payment of severance pay to those employees who were laid off as a result of the closing of the Hotel, and benefit contributions to the Benefit Funds on behalf of those employees in connection with the closing of the Hotel. A copy of the Agreement is attached hereto as Exhibit B. Relevant portions of the IWA are attached hereto as Exhibit C.

8. Section 11 of the Agreement also provided that any disputes arising under the Agreement would be referred to the Office of the Impartial Chairman for resolution under the rules and procedures of that office.

9. The Office of the Impartial Chairman, formally known as Office of the Impartial Chairman of the Hotel Industry of New York City ("Office of the Impartial Chairman" or "Impartial Chairman"), is an office which administers the labor arbitration hearings for the panel of arbitrators designated under the IWA to adjudicate and resolve disputes between the Union and hotel-employers.

10. The rules and procedures of the Impartial Chairman are set forth in Article 26 of the IWA. Article 26 of the IWA contains an extremely broad arbitration clause which defines the jurisdiction of the Office of the Impartial Chairman as follows:

> All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairman, and his/her decision shall be final and binding upon the parties hereto.

## THE PETITION

11. Pursuant to the Agreement, Buyer paid the Benefits Funds $209,720 in contributions prescribed by the IWA on behalf of Hotel employees.

12. A dispute arose among the Union, Buyer and Seller regarding the amount of severance pay due the Hotel employees. The parties submitted their dispute to the Impartial Chairman who, after an evidentiary hearing, ordered the Buyer to pay over $1 million in severance less normal statutory payroll deductions for employees. A copy of this arbitration award dated April 6, 2004 is attached hereto as Exhibit D. This award was not vacated and has been paid by the Buyer.

13. Buyer brought the instant Petition to vacate a second labor arbitration award, issued by Impartial Chairman Phillip Ross ("Impartial Chairman Ross") in the arbitration entitled "In the Matter of Arbitration between New York Hotel Trades Council, Empire Holdings, LLC [Seller] and West 63 Empire Associates, LLC" [Buyer] Case No. U04-555 ("Award"). A copy of the Award is attached hereto as Exhibit E. The Award concerned severance pay and Benefit Fund contributions for a sub-group of employees not included in the first award.

14. The Award was issued by Impartial Chairman Ross after two days of hearings held on February 16, 2005 and April 20, 2005. During these hearings, all parties were afforded a full opportunity to make oral arguments in support of their case, present witnesses' testimony and documentary evidence, cross-examine witnesses and raise evidentiary objections.

15. At the close of the April 20, 2005 hearing, Buyer's attorneys requested an opportunity to submit a post-hearing brief in support of its opening and closing arguments to Impartial Chairman Ross that he lacked the jurisdiction to hear the merits of the case based upon the alleged untimeliness of the Union's claims and the doctrines of collateral estoppel and res judicata.

16. After the parties submitted post-hearing briefs, Impartial Chairman Ross issued the Award on July 15, 2005 in which he rejected the Buyer arbitrability arguments and ordered the Buyer to pay the affected employees severance pay and pay severance contributions to the Benefit Funds.

17. Buyer has failed and refused to comply with the Award and, instead, has caused its attorneys to file the Petition in the New York State Supreme Court, County of New York, to vacate the Award.

## THE COURT'S REMOVAL JURISDICTION

18. Title 28 of the United States Code, Sections 1441(a) and (b) provide the basis for removal jurisdiction in this action.

19. This state court action herein is within the original jurisdiction of the Court "founded on a claim or right arising under the... laws of the United States." Section 301(a) of the LMRA, 29 U.S.C. § 185 provides:

> a. Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act... may be brought in any district

court of the United States having jurisdiction of the parties without respect to the amount in controversy or without regard to the citizenship of the parties.

20. It is well settled in this Circuit that federal courts have jurisdiction under Section 301(a) of the LMRA over petitions to vacate labor arbitration awards, See, Kallen v. District 1199, National Union of Hospital and Health Care Employees, RWDSU, AFL-CIO, 574 F.2d 723 (2nd Cir. 1978).

21. This Court has federal question jurisdiction over the instant action based on the afore-cited federal statutes and authorities.

22. This notice of removal is timely filed under 28 U.S.C. §1446(b) in that it is filed within thirty (30) days of receipt of the Petition.

23. A copy of this Notice of Removal with exhibits will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, and served on the Petitioner in accordance with 28 U.S.C. §1446(d).

WHEREFORE, Respondents Union pray this action be removed to this Court from the Supreme Court of the State of New York, County of New York.

Dated: New York, New York
November 30, 2005

Respectfully submitted,

PRYOR CASHMAN SHERMAN & FLYNN, LLP
Attorneys for Respondent New York Hotel and Motel Trades Council, AFL-CIO and Hotel Trades Council and Hotel Association of New York City, Inc. Benefit Funds

By: _____
Joseph F. Farelli (JF4759)
410 Park Avenue
New York, New York 10022
(212) 421-4100

TO:    George Brenlla, Esq.
         Clifton Budd & DeMaria, LLP
         Attorneys for Petitioner
         420 Lexington Avenue
         New York, New York 10170
         (212) 687-7410